Matter of Gil v New York City Dept. of Hous. Preserv. & Dev. (2019 NY Slip Op 07503)





Matter of Gil v New York City Dept. of Hous. Preserv. & Dev.


2019 NY Slip Op 07503


Decided on October 17, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 17, 2019

Manzanet-Daniels, J.P., Gische, Webber, Moulton, JJ.


10120 100419/18

[*1] In re Juan Gil, et al., Petitioners-Appellants,
v
New York City Department of Housing Preservation and Development, et al., Respondents.


Juan Gil, petitioner pro se.
Jennifer Bonesteel, petitioner pro se.
Zachary W. Carter, Corporation Counsel, New York (D. Alan Rosinus, Jr. of counsel), for New York City Department of Housing
Preservation and Development, respondent.
Gutman, Mintz, Baker & Sonnenfeldt, LLP, New Hyde Park (Moses Ginsberg of counsel), for Manhattan Plaza LP, respondent.



Determination of respondent New York City Department of Housing Preservation and Development (HPD), dated January 11, 2018, which, after a hearing, denied the petition and issued a certificate of eviction, unanimously confirmed, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Carmen Victoria St. George, J.], entered August 17, 2018), dismissed, without costs.
The hearing officer's determination to issue a certificate of eviction is rational and supported by substantial evidence, inasmuch as petitioners' lease expressly prohibited them from engaging in any unlawful activity in the subject apartment that threatened the health, safety, or right to peaceful enjoyment of such premises by other residents of the development and also prohibited petitioners from engaging in acts that would disturb the rights or comfort of their neighbors (see 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180 (1978); Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231 [1974]; Matter of Goldstein v Lewis, 90 AD2d 748, 749 [1st Dept 1982], affd 59 NY2d 706 [1983]). Petitioners' neighbors testified to loud, violent fights involving petitioners and their son on a regular basis, and in several instances, threats against specific neighbors. Much of this testimony was corroborated by police reports and building security reports.
The hearing officer also found petitioners' denials not credible, a finding that is largely unreviewable (see Matter of Botkin v Cadman Plaza N., 82 AD3d 527, 527-528 [1st Dept 2011]). Petitioners' claims that the hearing officer was biased and the hearing transcript was altered are unsupported by the record (see Matter of Gimenez v Artus, 63 AD3d 1461, 1462 [1st Dept [*2]2009]). Despite petitioners' claim that they were without counsel, the hearing was adjourned for four months initially, and then another month; hence petitioners had adequate time to obtain representation.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 17, 2019
CLERK